United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-530 |
| | § | |
| WILDER MORALES-RODRIGUEZ | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Wilder Morales-Rodriguez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 8.[1] Now pending before the Court is the United States' motion for summary judgment (D.E. 14), to which Movant has not responded. For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

**I. Background**

On June 1, 2015, Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 8. A 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was added because Movant had previously been deported after being convicted of felony battery in Florida. After credit for acceptance of responsibility, his total offense level was 21. With a criminal history category of IV, his advisory guideline range was 57 to 71 months' imprisonment.

---

[1]. Movant filed his § 2255 motion in Case No. 2:15-CR-530, in which his supervised release in the Middle District of Florida was transferred to this Court and then revoked based on his conviction for illegal reentry. However, Movant's motion challenges his sentence for illegal reentry in Case No. 2:15-CR-289.

Movant objected to the 16-level enhancement, arguing that Florida felony battery was not an enumerated offense under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and did not qualify as a "crime of violence." At Movant's October 28, 2015 sentencing, the Court sustained his objection and found that U.S.S.G. § 2L1.2(b)(1)(D), which calls for a 4-level increase for "a conviction for any other felony," was applicable instead. This reduced Movant's total offense level to 10 and his advisory guideline range to 15 to 21 months. The Court sentenced Movant to 21 months' imprisonment. Judgment was entered on October 30, 2015. Movant did not appeal.

Movant filed the present motion on March 27, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). It is timely. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S.Ct. 1257 (2016).

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature]

for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### III. Movant's Allegations

Movant's § 2255 motion raises a single claim: In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence enhancement based on a prior conviction for a "crime of violence" was unconstitutional.

### IV. Analysis

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

Movant claims his sentence was enhanced under U.S.S.G. § 2L1.2(b)(1)(A), which imposes a 16-level enhancement if the defendant was previously deported after a felony conviction for a "crime of violence."[2] However, as set forth in Part I *supra*, Movant's enhancement for Florida felony battery was determined by U.S.S.G. § 2L1.2(b)(1)(D), which simply increased his total offense level by 4 levels. Moreover, even if Movant had been enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(ii), this Guideline "does not have a residual clause resembling the clause in the ACCA." *Polanco-Ozorto v. United States*, 2016 WL 4083063, at *3 (S.D. Tex. June 30, 2016), Mag. Report & Recomm. adopted by 2016 WL 4082723 (July 29, 2016).[3] *Johnson* therefore provides Movant with no basis for relief.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this

---

[2]. "Crime of violence" is defined as:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G § 2L1.2 cmt. n.1(B)(iii).

[3]. *Cf.* 18 U.S.C. §924(e)(2)(b) (defining a "violent felony" as any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"); U.S.S.G § 2L1.2 cmt. n.1(B)(iii) (defining a "crime of violence" as any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another").

Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 14) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 (D.E. 8) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 8th day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE